[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff in this action seeks two prejudgment remedies: an order of replevin for her 1987 Mercedes Benz 560 SL and an attachment of the defendant's real estate. The defendant operates an auto body shop. He made certain repairs to the plaintiff's car for which he has not been paid and he has refused to surrender the car, claiming a lien on the car for the balance due. The plaintiff contends that the defendant cannot charge the plaintiff for the repair work because he failed to obtain written authorization for the work as required by General Statutes §14-65f and the plaintiff therefore is entitled to possession of the vehicle.
General Statutes § 14-65f(a) provides in pertinent part
 Prior to performing any repair work on a motor vehicle, a motor vehicle repair shop shall obtain a written authorization to perform the work, signed by the customer, which includes an estimate. A repair shop shall not charge for work done or parts supplied without a written authorization or in excess of the estimate unless the customer gives consent orally or in writing.
There is no dispute that the plaintiff never provided written authorization for the repair work, but did provide oral authorization. The dispute between the parties is whether the oral consent provision found at the end of Section 14-65f(a), CT Page 5716 "unless the customer gives consent orally . . .," applies only where the customer has given written authorization to repair and received an estimate, but the actual cost of the work will exceed the estimate or if it applies also when the customer has not provided any written authorization, with the result that oral consent would override the requirement for written authorization.
In the only reported decision addressing this issue, the court found that the oral consent provision applies only after a written authorization has been given and the cost of the work will exceed the written estimate which forms part of the authorization. H. O. Wolding, Inc. v. Spillane's Servicenter,
Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 348347 (August 22, 1991). The oral consent provision was added to the statute as part of Public Act 80-425. The legislative history concerning P.A. 80-425 appears to confirm this interpretation.
 It would give the flexibility to the repairman because in case he wasn't aware of the full problem involved with the car, he could either authorize orally after the original written estimate is given or initially have the customer write an authorization with a waiver attached to it, with a total amount at the maximum allowed at the time.
 (Emphasis added.) Remarks of Senator Casey, April 16, 1980, General Assembly Senate Proceedings, 1980, Vol. 23, part 5 p. 1338.
Moreover, when we interpret a statute, we consider it as a whole, trying to reconcile all its parts so that there is a "sensible and rational overall interpretation." (Citations omitted; internal quotation marks omitted.) Fruin v. TheColonnade One at Old Greenwich Ltd., 237 Conn. 123, 130 (1996). It would make little sense to interpret the oral consent provision of Section 14-65f(a) as applying to the statutory requirement for prior written authorization because such an interpretation, that oral consent may be given in lieu of written authorization, would so eviscerate the requirement as to render it meaningless.
The defendant further contends that during the course of the repair work which was verbally authorized by the plaintiff, CT Page 5717 the need for additional repairs not previously contemplated became apparent and that these additional repairs were orally authorized by the plaintiff. The defendant claims that he can validly charge for this additional work under General Statutes § 14-65f(c), which provides:
 If, during the course of performing repair work, the repair shop discovers that repairs other than those authorized are needed or that the cost of authorized repairs will exceed the estimate, the repair shop shall not proceed with the repairs without first obtaining the customer's additional written or oral consent.
(Emphasis added.)
Clearly, the provisions of Section 14-65f(c) are premised on the customer having given written authorization for certain repairs as required by Section 14-65f(a), in which case the additional repairs can be authorized orally. It does not appear, however, that this provision applies when no written authorization has ever been given and the defendant cites no authority supporting such an interpretation.
The court finds probable cause that judgment will be rendered in this matter in favor of the plaintiff with respect to her claim for replevin. The prejudgment remedy for replevin is therefore granted.
The plaintiff also seeks a $75,000. attachment of the defendant's real estate to secure her claim for damages resulting from the wrongful detention of her car. The plaintiff's claim for damages rests on her contention that the defendant agreed to complete the car repairs by Christmas, 1995, but failed to do so until sometime in June, 1996. The plaintiff's husband, Nicholas Rosa, who used the car and arranged for the repairs, testified that the defendant agreed to complete the repairs by Christmas, but did not do so until June, 1996. A companion of his, Dominick Garafala, who was present for the discussion between the plaintiff and the defendant, did not corroborate Rosa's testimony that the defendant agreed to complete the repairs by Christmas. He credibly testified that the defendant stated that he would try to complete the work by Christmas. When the defendant testified, he denied that he ever agreed to complete the repairs by Christmas. The court credits CT Page 5718 the testimony of Garafala and the defendant. Accordingly, the court is unable to find that there is probable cause that judgment will enter in favor of the plaintiff on her claim for damages for loss of use of the automobile and the application for real estate attachment is denied.
/s/ Vertefeuille, J. ----------------------------- VERTEFEUILLE, J.